974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Derrick R. PARKHURST, Plaintiff-Appellant,
and
Don Smith, Plaintiff,
v.
Ron RUETTGERS; Duane Shillinger, Defendants-Appellees.
 No. 92-8018.
 United States Court of Appeals, Tenth Circuit.
 Sept. 10, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs appeal the district court's dismissal as frivolous under 28 U.S.C. § 1915(d) their pro se 42 U.S.C. § 1983 civil rights action.[1] We review a dismissal under section 1915(d) for an abuse of discretion. Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.1987). Section 1915(d) authorizes federal courts to dismiss a pro se claim "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Hall v. Bellmon, 935 F.2d 1106, 1108-09 (10th Cir.1991). Because even the most liberal reading of Parkhurst's pleadings fails to afford a cognizable claim, we affirm the dismissal under § 1915(d).
 
 
 3
 The material facts in this case are not in dispute. Derrick R. Parkhurst is an inmate in the Wyoming State Penitentiary. Ron Ruettgers and Duane Shillinger are prison officials at that facility. In June 1990, Ruettgers confiscated "visiting papers" sent by mail from Don Smith to Parkhurst. Ruettgers refused to provide Parkhurst with a copy of these papers, stating that they were intended for prison staff. In November 1990, Ruettgers again confiscated mail sent by Smith to Parkhurst. This time, Smith had sent a photocopy of Parkhurst's drivers license. Ruettgers informed Parkhurst that prisoners could not possess such material, and gave Parkhurst the option of returning the photocopy to Smith or having it kept in his prison file. Parkhurst chose the former, but asked for a receipt, which Ruettgers refused to provide. Parkhurst argues here, as he did at the district court, that these two incidents manifest an "official" prison policy of the unrestrained theft of prisoners' mail by prison officials. We disagree.
 
 
 4
 The First and Fourteenth Amendments protect a prisoner's right to correspond with people outside the prison. See Turner v. Safley, 482 U.S. 78, 84 (1987). That right is qualified, however, by the intractable problems of prison safety and security, areas in which prison officials are far better equipped to deal than the judiciary. Smith v. Maschner, 899 F.2d 940, 944 (10th Cir.1990). We therefore review the censorship of a prisoner's incoming mail under a reasonableness standard: censorship is constitutionally permissible if it is " 'reasonably related to legitimate penological interests.' " Thornburgh v. Abbott, 490 U.S. 401, 413 (1989) (quoting Turner, 482 U.S. at 89).
 
 
 5
 In this case, we find that Ruettgers' behavior was reasonably related to the legitimate penological interest of prison security. The withholding of identification material such as that found on a drivers license is reasonably related to legitimate prison goals, including but not limited to the discouragement of escape. As to the confiscation of the "visiting papers," because documents of that type are intended not for inmates but for their visitors and prison officials, Ruettgers did no more than retrieve prison property, activity also reasonably related to legitimate penological interests. Parkhurst's pleadings thus fail to allege facts sufficient to support even an allegation of isolated episodes of civil rights violations, let alone a standing policy of permitting such behavior.[2]
 
 
 6
 After reviewing the briefs and the record, we conclude that the district court did not abuse its discretion in dismissing as frivolous under 28 U.S.C. § 1915(d) Parkhurst's claim regarding the censorship of his incoming mail. We further conclude that plaintiff's other arguments on appeal, particularly those regarding any anti-prisoner bias on the part of the district judges in Wyoming, are similarly meritless.
 
 
 7
 Leave to proceed in forma pauperis is granted. The judgment of the District Court is affirmed. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff Smith failed to sign the notice of appeal, and thus is not a proper party to this action
 
 
 [2]
 We assume as true Parkhurst's allegations that Ruettgers failed to follow the prison's own rule, as provided in an inmate handbook, requiring receipts for all confiscated material. Although the Supreme Court's decision in Procunier v. Martinez, 416 U.S. 396, 418 (1974), overruled on other grounds by, Thornburgh v. Abbott, 490 U.S. 401 (1989), imposes certain procedural safeguards on the confiscation of prisoner mail, the issuance of written receipts is not one of them. Because whatever grievance Parkhurst may have regarding receipts is not of constitutional proportions, a § 1983 claim is not the proper vehicle for its redress. See Maschner, 899 F.2d at 944